1  TRINETTE G. KENT (State Bar No. 222020)
2  Lemberg Law, LLC
3  1333 Stradella Road
   Los Angeles, CA 90077
4  Telephone: (480) 247-9644
   Facsimile: (480) 717-4781
5  E-mail: tkent@lemberglaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Evelyn Hernandez, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>TrueAccord Corp.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,** *et seq.***; and**<br>**(2) Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Evelyn Hernandez ("Plaintiff" or "Ms. Hernandez"), by undersigned counsel, brings the following Class Action Complaint against Defendant TrueAccord Corp. ("TrueAccord" or "Defendant"), and alleges, on her own behalf and on behalf of all those similarly situated, as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from Defendant TrueAccord's unlawful practice of sending debt collection emails to third parties that disclose Plaintiff and other consumers' personal and private information to such third parties, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. (the "Rosenthal Act").

2. TrueAccord is a nationwide debt collector that claims that its "mission is to reinvent debt collection"[1] and that "What makes [it] different" from other debt collectors is that True Accord uses "Emails instead of calls."[2]

3. What TrueAccord omits however is that it does not just send debt collection emails to consumers. Instead, it routinely sends debt collection emails to third parties that disclose consumers' personal information to those third parties.

4. Plaintiff is one such consumer whose personal information TrueAccord

---

[1] https://www.trueaccord.com/about-us/mission-and-values (last visited Apr. 30, 2021).

[2] https://consumers.trueaccord.com/ (last visited Apr. 30, 2021) ("In today's digital age, we believe in reaching customer's through the channels they use most.").

disclosed to a third party where TrueAccord repeatedly sent debt collection emails to Plaintiff's daughter despite the fact that Plaintiff's daughter has nothing to do with the alleged debt.

5. TrueAccord's emails to Plaintiff's daughter disclosed that TrueAccord was attempting to collect a debt from Plaintiff and disclosed personal and private information such as the name of the original and current creditors, the account number, and the alleged balance owed.

6. Moreover, TrueAccord's emails disclose personal information to third parties before the emails are even opened; the subject line of several of the emails TrueAccord sent to Plaintiff's daughter – which can be viewed by the recipient while browsing their email inbox before they open TrueAccord's email – likewise disclose the name of the original creditor and the creditor on whose behalf TrueAccord is collecting a debt.

7. TrueAccord's practice of sending debt collection emails to third parties that disclose the consumer's personal and private information is a violation of the FDCPA, which strictly prohibits a debt collector from communicating "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

8. It also violates the Rosenthal Act, which likewise prohibits a debt collector from "Communicating information regarding a consumer debt to any

member of the debtor's family . . . except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication." Cal. Civ. Code § 1788.12(b).

9. Plaintiff seeks relief for herself and all others similarly situated for TrueAccord's unlawful behavior.

## PARTIES

10. Plaintiff, Evelyn Hernandez, is an adult individual residing in Cerritos, California, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

11. Defendant TrueAccord Corp. is a Delaware corporation with a principal place of business at 16011 College Boulevard, Suite 130, Lenexa, Kansas 66219. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

13. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

14. The Court has specific personal jurisdiction over TrueAccord and venue

is proper in this District because the acts that gave rise to Plaintiff's claims occurred within this District and Plaintiff was injured by Defendant's illegal debt collection efforts in this District.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Plaintiff incurred an alleged debt (the "Debt") arising out of personal obligations to HSBC Bank Nevada, N.A. that meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Upon information and belief, LVNV Funding LLC (the "Creditor") thereafter purchased the Debt.

17. Thereafter, the Creditor sold the Debt to TrueAccord or otherwise enlisted TrueAccord to collect the Debt on its behalf.

18. Within the last year, TrueAccord began attempting to collect the Debt from Plaintiff.

19. As part of its debt collection efforts, TrueAccord repeatedly sent debt collection emails to Plaintiff's daughter's personal email account.

20. For instance, on November 29, 2020, TrueAccord sent Plaintiff's daughter a debt collection email where the subject line stated "I'm writing about your LVNV Funding LLC account," and the body of the email stated that TrueAccord was attempting to collect a debt from Plaintiff and disclosed the name of the original creditor; the name of the current creditor; the balance allegedly due; and the account numbers for the original and current creditor.

21. On December 3, 2020, TrueAccord sent another debt collection email to Plaintiff's daughter where the subject line stated "Evelyn K, this is about your balance with LVNV Funding LLC (current creditor of your original HSBC Bank Nevada, N.A. (RCS Direct Marketing/Household Bank) account)," and the body of the email stated that TrueAccord was attempting to collect a debt from Plaintiff and disclosed the name of the original creditor and the name of the current creditor.

22. In addition, on December 8, 2020, TrueAccord sent yet another email to Plaintiff's daughter that stated that TrueAccord was attempting to collect a debt from Plaintiff and disclosed the name of the original creditor; the name of the current creditor; and the balance allegedly due.

23. Moreover, the body of the above emails contained the following statement in fine print that was written in a smaller font than the remainder of the email, and which was offset and hidden from the rest of the email: "This is an important message for Evelyn K Hernandez. If you are not this person, please disregard and delete it."

24. However, the above purported disclaimer did not prevent TrueAccord from disclosing personal information to third parties because (1) the subject line of TrueAccord's emails disclosed personal information (e.g., the name of the creditor) before the email was even opened and the disclaimer could be viewed (2) nothing in the subject line directs the recipient not to open if they are not the intended recipient of the email; and (3) by the time a recipient would see the above disclaimer after

opening the email, they would have already seen the portions of the body of TrueAccord's email that disclose highly personal and sensitive private information. In short, while TrueAccord may have included the above disclaimer to avoid liability, the disclaimer fails to actually prevent TrueAccord from communicating personal and private information to third parties.

25. Following her receipt of the above emails, Plaintiff's daughter forwarded the emails to Plaintiff and notified Plaintiff that TrueAccord had sent her debt collection emails.

26. Plaintiff was extremely embarrassed, frustrated, angered, and annoyed that TrueAccord disclosed her personal information to her daughter, who has nothing to do with Plaintiff's financial matters.

## CLASS ACTION ALLEGATIONS

**A. The Class**

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class:

**Nationwide Class: All persons within the United States from whom TrueAccord attempted to collect a debt where TrueAccord disclosed said person's personal information via an email to a third party within the one year period prior to the filing of the Complaint.**

29. Plaintiff additionally seeks to represent the following California state subclass pursuant to Fed. R. Civ. P. 23(c)(5):

**California Class:** All persons within California from whom TrueAccord attempted to collect a debt where TrueAccord disclosed said person's personal information via an email to a third party within the one year period prior to the filing of the Complaint.

30.  Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

31.  Upon information and belief, Defendant has sent debt collection emails to thousands of third parties throughout the United States where it disclosed consumers' personal and private information. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.  The exact number and identities of the Classes' members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

33.  There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant sent debt collection emails to third parties that disclosed personal and private information belonging to consumers;

  b. Whether Defendant's practice of sending debt collection emails to third parties violates the FDCPA;

  c. Whether Defendant's practice of sending debt collection emails to third parties violates the Rosenthal Act;

  d. Whether Defendant is liable for damages, and the amount of such damages; and

  e. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection emails to third parties is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

36. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

F. **Proceeding Via Class Action is Superior and Advisable**

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against TrueAccord is small because it is not economically feasible for Class members to bring individual actions.

38. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

41. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

42. The amount of money at issue is such that proceeding by way of a class

action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

## COUNT I
## Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)

43. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44. The FDCPA, 15 U.S.C. § 1692c(b) provides that "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

45. 15 U.S.C. § 1692b, in turn, only applies to a debt collector's communications "for the purpose of acquiring location information about the consumer."

46. Despite the above prohibitions, TrueAccord sent Plaintiff's daughter and other third parties debt collection emails that disclosed personal information about the consumer's alleged debts, including that TrueAccord was attempting to collect alleged debts from said persons, the name of the creditor on whose behalf TrueAccord was

acting, the name of the original creditor, the balance of the alleged debt, and the account numbers associated with the debt.

47. None of TrueAccord's debt collection emails to third parties were for the purposes of acquiring location information, and TrueAccord did not have the consumers' consent to send any of the emails to third parties.

48. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*

49. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

50. The Rosenthal Act provides that no debt collector shall "[c]ommunicat[e] information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication." Cal. Civ. Code § 1788.12(b).

51. Despite the above prohibitions, TrueAccord sent Plaintiff's daughter and other third parties debt collection emails that disclosed personal information about the

consumers' alleged debts, including that TrueAccord was attempting to collect alleged debts from said persons, the name of the creditor on whose behalf TrueAccord was acting, the name of the original creditor, the balance of the alleged debt, and the account numbers associated with the debt.

52. Moreover, TrueAccord's failure to comply with the FDCPA separately constitutes a violation of the Rosenthal Act, which provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  Cal. Civ. Code § 1788.17.

53. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Actual and statutory damages as provided under the FDCPA and the Rosenthal Act, pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

2. An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c); and

3. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 5, 2021            TRINETTE G. KENT

By:    /s/   *Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
*Attorneys for Plaintiff*